FILED
Jan 19, 2022
10:20 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gary Dickerson | ) | Docket No.     2020-03-0905 |
| | ) | |
| v. | ) | State File No.  48461-2020 |
| | ) | |
| Dominion Development Group, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

**Affirmed and Remanded**

---

In this interlocutory appeal, the employee asserts he sustained multiple injuries while performing errands for the employer. Following an expedited hearing, the trial court denied benefits, concluding the employee failed to show he is likely to prevail at trial in establishing he provided timely notice of a work injury, in establishing his injuries were work-related, or in establishing his injuries occurred in the course and scope of his employment. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Gary Dickerson, Georgetown, Kentucky, employee-appellant, pro se

Joseph W. Ballard, Atlanta, Georgia, for the employer-appellee, Dominion Development Group, LLC

### Memorandum Opinion[1]

Gary Dickerson ("Employee") was working as a superintendent for a general contractor, Dominion Development Group, LLC ("Employer"), when he was involved in a motor vehicle accident. On February 28, 2020, an employee of another on-site

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

contractor asked Employee to follow him to a tire store to drop off his vehicle. Employee requested permission from a supervisor, Logan Nico, but was advised that transporting employees of other contractors was not part of his job duties and that he could run any such errands on his lunch break. As a result, Employee and the other worker drove to the tire store and then Employee brought him back to the work site during his lunch break. At the conclusion of the workday, Employee took the other worker back to the tire store to pick up his car and was later rear-ended by that employee while stopped at a red light. The following week, Employee told Mr. Nico about the accident and showed him the damage to his truck. According to Mr. Nico, Employee did not mention an injury, did not request medical treatment, and did not claim that the accident was work-related.

In March, Mr. Nico noticed Employee walking with a limp. When he questioned Employee about his limp, Employee stated it "was probably due to gout," and Mr. Nico suggested that Employee see a doctor. After Employee saw his physician, he returned to work and reported that the doctor confirmed his complaints were most likely related to gout. Mr. Nico and his supervisor, Taylor Yoakely, both provided written statements documenting their conversations with Employee that took place in March regarding his limp. Mr. Yoakely's statement included a notation that, after Employee's termination in April, Employee asked to file a workers' compensation claim for his foot, claiming that a window had fallen on his foot.

Employee saw Dr. Viral Patel in April and was diagnosed with acute idiopathic left foot gout, right-sided lower back pain with sciatica, and lumbar degenerative disc disease. Employee was also seen by Dr. Patrick Ginney for foot pain, whose medical records reflect Employee recalled "no injury or other inciting event." Dr. Ginney offered no opinion causally relating Employee's conditions, any inability to work, or any need for medical treatment to the February 28 motor vehicle accident. In addition, Employee underwent diagnostic testing for his cervical and lumbar spine and left foot, and he received treatment from Dr. Lance Hoffman, a pain management specialist.

Employee filed a petition for workers' compensation benefits in July 2020, and Employer issued a notice of denial in August. At a September 28, 2021 expedited hearing, Employer asserted Employee did not report a work-related injury or request medical treatment after the February incident. According to Employer, Employee did not report a claim until two months after the accident and then referenced a falling window as the cause of his foot injury. Employer contended Employee's physical complaints were not related to the employment, pointing to medical records pre-dating the work incident and documenting Employee's diagnoses for low back pain, idiopathic left foot gout, and cervical and lumbar degenerative disc disease. Further, Employer asserted that Employee was involved in two additional motor vehicle accidents following the February 28 incident. Following the hearing, the trial court determined Employee failed to show he is likely to prevail at trial in establishing that he gave timely notice of his injuries, that his

injuries are work-related, and that he was in the course and scope of his employment at the time of the accident. Employee has appealed.

In his notice of appeal, Employee asserts he is "[a]ppealing for future medical procedures that has [sic] not yet been address[ed]" and because "[f]alse information [was] given to the Court." Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Initially, we note that even though multiple orders were issued extending the time for Employee to file a transcript, neither a transcript of the expedited hearing or statement of the evidence was filed. Thus, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

In addition, Employee's brief failed to articulate specific issues for our review, failed to describe how the trial court purportedly erred in its rulings, and failed to provide any relevant legal authority in support of his position. When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053,

3

2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019).  As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits.  *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Accordingly, we affirm the trial court's order and remand the case.  Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gary Dickerson | ) | Docket No. 2020-03-0905 |
| | ) | |
| v. | ) | State File No. 48461-2020 |
| | ) | |
| Dominion Development Group, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of January, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gary Dickerson | | | | X | garydickerson42058@gmail.com |
| Joseph Ballard | | | | X | joseph.ballard@thehartford.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov